**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50348**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 15, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| ANDREW C. McKNIGHT-OWEN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Andrea L. Courtney, District Judge.

Judgment of conviction and concurrent unified sentences of eight years, with a minimum period of confinement of three years, for three counts of possession of a controlled substance, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Andrew C. McKnight-Owen pled guilty to three counts of possession of a controlled substance with the intent to deliver, Idaho Code § 37-2732(a)(1)(A). In exchange for his guilty plea, an additional charge was dismissed including an allegation that he is a persistent violator. The district court imposed concurrent unified sentences of eight years with three years determinate. McKnight-Owen filed an Idaho Criminal Rule 35 motion, which the district court denied. McKnight-Owen appeals asserting that the district court abused its discretion by imposing excessive sentences and by denying his I.C.R. 35 motion.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying McKnight-Owen's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with McKnight-Owen's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, McKnight-Owen's judgment of conviction and sentences, and the district court's order denying McKnight-Owen's Rule 35 motion, are affirmed.